UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY HOWARD,

           Plaintiff,           Case No. 2:14-cv-127

v.                                          Honorable Robert Holmes Bell

CONNIE HORTON et al.,

           Defendants.
_____/

**OPINION**

This is an action for writ of mandamus brought by a state prisoner pursuant to 28 U.S.C. § 1361. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* pleadings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous. Also before the Court is Plaintiff's motion to obtain a copy of his complaint (docket #7). Because Plaintiff's action is subject to dismissal, his motion will be denied.

**Factual Allegations**

Plaintiff Larry Howard is incarcerated with the Michigan Department of Corrections at the Baraga Maximum Correctional Facility (AMF). He sues the Michigan Court of Claims and the Deputy Warden of AMF, Connie Horton. Plaintiff asserts that he filed a complaint in the "50th Judicial Circuit Court of Michigan" against Deputy Warden Horton, and served it on her on January 3, 2014. (Compl., docket #1, Page ID#2.) The action was dismissed by the state court on January 30, 2014, allegedly one day before Horton would have defaulted in that action.[1] On February 5, 2014, a notice of transfer was filed, ostensibly transferring the action to the Michigan Court of Claims. Plaintiff then filed a motion for default in the court of claims, which was not answered. Plaintiff asserts that he is entitled to a $60,000 default judgment, and asks this Court to compel the Michigan Court of Claims to enter a default judgment in his favor.

**Discussion**

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.

Plaintiff's action is legally frivolous. Under 28 U.S.C. § 1361, the district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee

---

[1] According to the final page of the dismissal order, which is attached to Plaintiff's pleadings, the state court dismissed the action because it was "within the exclusive jurisdiction of the Court of Claims." (*See* docket #2-1, Page ID#14.)

of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* In the instant case, Plaintiff seeks a writ of mandamus to compel a state court to perform its duties by entering a default judgment. By its terms, § 1361 gives the Court the authority to compel officers and employees of the United States to perform their duties. It clearly does not grant authority to compel state courts or state officers to perform their duties. Accordingly, Plaintiff's action will be dismissed.

In Plaintiff's motion for a copy of the complaint (docket #7) he asserts that he needs a copy for service on Defendant Horton. Plaintiff does not need a copy for service, however, because the complaint will be dismissed. Thus, the motion will be denied.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). In addition, Plaintiff's motion for a copy of the complaint (docket #7) will be denied.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated: July 15, 2014                              /s/ Robert Holmes Bell
                                                                        ROBERT HOLMES BELL
                                                                        UNITED   STATES   DISTRICT   JUDGE